| | |
|---|---|
| RICHARD ACORD, et al.,<br><br>Petitioners,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Respondent. | Case No. 1:17-cv-01089-MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONERS' FAILURE TO EXHAUST STATE JUDICIAL REMEDIES**<br><br>**(ECF No. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

This petition for writ of habeas corpus was brought pursuant to 28 U.S.C. § 2254 by Richard Acord, Leandro Angel Gonzales, Anthony J. Ruiz, Thomas Camarillo,[1] Jeff Brown, and Joseph E. Gambler, who seek to bring this petition as a class action. At the time of filing, Petitioners all were incarcerated at the Kings County Jail in Hanford, California pursuant to judgments of the State Court of California. Acord since has been released from custody.

Petitioners claim they are serving "AB109 felony class sentences," which require

---

[1] Camarillo signed the motion to proceed in forma pauperis but not the petition.

them to serve fifty percent of their imposed sentences, while other "half-time" offenders receive an additional seventeen percent reduction in the time they are required to serve. They contend that this distinction is based merely on the fact that they are serving their sentences in county facilities, rather than state prison. They allege this discrepancy violates their rights to due process and equal protection, as well as the prohibition against double jeopardy. They seek to have any "future percentage change in sentencing or required time to be served" extended to those subject to AB 109.

## I. Class Action Status

The matter may not proceed as a class action. Pro se litigants may not bring a class action or represent other parties. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987). "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." Id. Here, there is no evidence or allegation that any of the Petitioners are attorneys. Class action status is not appropriate.

## II. Multiple Petitioners

There is no authority for permitting multiple petitioners to file a single habeas petition under 28 U.S.C. § 2254, and doing so generally is not permitted. See Watkins v. Hedgpeth, No. 1:07-cv-00767 AWI DLB HC, 2007 WL 2109255, at *1 (E.D. Cal. July 23, 2007); Yancey v. Corbett, No. CIV A 07-CV-1251, 2007 WL 1149884, at *1 (E.D. Pa. Apr. 12, 2007); see also Perry v. Scibana, No. 04-C-288-C, 2004 WL 1447832, at *2 (W.D. Wis. June 23, 2004).

Allowing multiple petitioners to proceed on a single petition presents a multitude of difficulties. There may be allegations, defenses, evidence, or legal theories that are distinctly applicable to each petitioner. For example, in the instant case, Mr. Acord has been released from custody and the claims alleged may therefore be moot as to him. Furthermore, as evidenced by Mr. Acord's release, frequent movement in the prison system may make it difficult for multiple petitioners to remain in communication, to

develop a joint strategy, and to draft and sign documents for joint submission.

Ordinarily, the Court would sever the claims of each Petitioner and require each to proceed in a separate action. However, as set forth below, it appears that the petition must be dismissed for lack of exhaustion as to all of the putative Petitioners regardless of their number. The Court therefore will permit the Petitioners to respond to this order and undertake to show cause why the action should proceed. If any petitioner responds with information indicating claims have been exhausted, the Court will sever each Petitioner's claims and will require the Petitioners to proceed in individual actions.

**III.    Exhaustion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.

Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

Here, there is no allegation that any of the Petitioners have presented any of the claims to the highest state court, the California Supreme Court. Petitioners must inform the Court if, in fact, their claims have been presented to the California Supreme Court,

4

and if possible, provide the Court with a copy of the petition or petitions filed in the California Supreme Court along with a copy of any ruling made by the California Supreme Court. Without knowing what claims, if any, have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition. 28 U.S.C. § 2254(b)(1).

## IV. Order

Accordingly, Petitioners are ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioners' failure to exhaust state judicial remedies. Petitioners are ORDERED to inform the Court within thirty (30) days of the date of service of this order as to what claims have been presented to the California Supreme Court and on behalf of whom.

Petitioners are forewarned that failure to follow this order will result in dismissal of the petition.

IT IS SO ORDERED.

Dated: __October 18, 2017__   /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE