# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ACORD, et al., | Case No. 1:17-cv-01089-MJS (HC) |
| Petitioners, | **ORDER DIRECTING CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE TO THIS MATTER** |
| v. | |
| STATE OF CALIFORNIA, , | **FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |
| Respondent. | |
| | **(ECF NO. 1)** |
| | **FOURTEEN (14) DAY OBJECTION DEADLINE** |

This petition for writ of habeas corpus was brought, purportedly as a class action, pursuant to 28 U.S.C. § 2254 by Richard Acord, Leandro Angel Gonzales, Anthony J. Ruiz, Thomas Camarillo,[1] Jeff Brown, and Joseph E. Gambler. At the time of filing, Petitioners all were incarcerated at the Kings County Jail in Hanford, California pursuant to judgments of the State Court of California. Acord since has been released from custody.

Petitioners claim they are serving "AB109 felony class sentences," which require

---

[1] Camarillo signed the motion to proceed in forma pauperis but not the petition.

them to serve fifty percent of their imposed sentences, while other "half-time" offenders receive an additional seventeen percent reduction in the time they are required to serve. They contend that this distinction is based merely on the fact that they are serving their sentences in county facilities, rather than state prison. They allege this discrepancy violates their rights to due process and equal protection as well as the prohibition against double jeopardy. They seek to have any "future percentage change in sentencing or required time to be served" extended to those subject to AB 109.

On October 19, 2017, the undersigned conducted an initial review of the petition and issued an order to show cause why the petition should not be dismissed. (ECF No. 4.) There, the Court noted that Petitioners, proceeding pro se, could not proceed with a class action. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987). Furthermore, there is no authority for permitting multiple petitioners to file a single habeas petition under 28 U.S.C. § 2254, and doing so generally is not permitted. See Watkins v. Hedgpeth, No. 1:07-cv-00767 AWI DLB HC, 2007 WL 2109255, at *1 (E.D. Cal. July 23, 2007); Yancey v. Corbett, No. CIV A 07-CV-1251, 2007 WL 1149884, at *1 (E.D. Pa. Apr. 12, 2007); see also Perry v. Scibana, No. 04-C-288-C, 2004 WL 1447832, at *2 (W.D. Wis. June 23, 2004). However, because it appeared that the petition was wholly unexhausted, the Court ordered the Petitioners to show cause why it should proceed. The Court stated that, if any petitioner responded with information indicating the claims had been exhausted, the Court would sever each Petitioner's claims and require the Petitioners to proceed in individual actions.

The order to show cause was served on each of the Petitioners. The orders served on Gambler and Camarillo were returned as undeliverable on October 31, 2017. The remaining Petitioners did not respond to the order to show cause.

I.      **Failure to Provide a Current Address**

Local Rule 183(b) requires a party proceeding pro se to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is

returned by the U.S. Postal service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

The Court has authority to dismiss an action for failure to prosecute and failure to follow court rules. Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on this basis, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, more than sixty three days have passed since mail to Petitioners Gambler and Camarillo was returned, and they have not notified the Court of their new addresses.

There is no question that they are in violation of Court rules and have failed to prosecute this action. The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the Court finds no less drastic alternative available. See Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. Because of their failure to provide a current address, it is impossible for the Court to communicate with Petitioners or to explore any alternatives short of dismissal of the case.

Accordingly, the undersigned will recommend that the petition as to Gambler and Camarillo be dismissed without prejudice for failure to prosecute based on Petitioners' failure to provide a current address.

**II.  Exhaustion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S.

509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir.

5

1996); . . . .

> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000).

Here, there is no allegation that any of the Petitioners have presented any of the claims to the highest state court, the California Supreme Court. Petitioners were ordered to inform the Court if, in fact, their claims had been presented to the California Supreme Court, and if possible, to provide the Court with a copy of the petition or petitions filed in the California Supreme Court along with a copy of any ruling made by the California Supreme Court. They did not respond. The Court is therefore unable to address the merits of the petition. 28 U.S.C. § 2254(b)(1).

Accordingly, the Court will recommend that the petition be dismissed on exhaustion grounds as to Acord, Gonzales, Ruiz, and Brown.

### III. Conclusion and Recommendation

Because all parties have not consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), the Clerk of Court is directly to randomly assign this matter to a District Judge.

Based on the foregoing analysis, it is HEREBY RECOMMENDED that:

1. The petition as to Gambler and Camarillo be dismissed without prejudice for failure to prosecute based on their failure to provide a current address; and

2. The petition as to Acord, Gonzales, Ruiz, and Brown be dismissed without prejudice for failure to exhaust state remedies.

The findings and recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, the parties

may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: January 9, 2018         /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE